IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-17,817-10






EX PARTE FLOYD PLEASANT TARVIN IV, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 881716 IN THE 351ST DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated and sentenced to sixty years' imprisonment. The First Court of Appeals affirmed his
conviction. Tarvin v. State, No. 01-02-01034-CR (Tex. App.-Houston [1st Dist.] Feb. 19, 2004, pet.
ref'd). 

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance.
On September 18, 2006, the trial court signed an order designating issues. But no findings of fact
and conclusions of law were forwarded to this Court. We believe that this application was
prematurely forwarded to this Court. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of trial counsel was
deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: August 19, 2009

Do not publish